**In The United States District Court**
**For The Southern District of Ohio**
**Eastern Division**

| | | |
|---|---|---|
| SERRINA JACKSON | : | Case No. |
| 962 E. 20TH AVENUE | : | |
| COLUMBUS, OH 43211 | : | Judge |
| | : | |
| Plaintiff, | : | Magistrate Judge |
| | : | |
| vs. | : | |
| | : | |
| JOE RICHARD | : | |
| 393 DANER ROAD | : | |
| COLUMBUS, OH 43213 | : | |
| | : | |
| and | : | |
| | : | |
| COLUMBUS DIVISION OF FIRE | : | |
| 3639 PARSONS AVENUE | : | |
| COLUMBUS, OH 43207 | : | |
| | : | |
| and | : | |
| | : | |
| CITY OF COLUMBUS, OHIO | : | |
| c/o ZACH KLEIN | : | |
| COLUMBUS CITY ATTORNEY | : | |
| 77 N. FRONT STREET | : | |
| COLUMBUS, OH 43215 | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants the City of Columbus and

Columbus City of Fire hereby give notice of the removal of this action from the Court of

Common Pleas, Franklin County, Ohio Case No. 20-cv-003067 to the United States District

Court for the Southern District of Ohio, Eastern Division, on the following facts:

1. Attached as Exhibit A is the Amended Complaint that the Plaintiff filed in the Court of Common Pleas, Franklin County, Ohio on February 5, 2021.  The Amended Complaint asserts claims under 42 U.S.C. § 2000e, within the federal question jurisdiction of this Court.  Plaintiff moved to amend her complaint on February 3, 2021 and attached a copy of the Amended Complaint.  The Court granted the motion and ordered the Clerk to file the Amended Complaint instanter on February 5, 2021.

2. The Defendants, were served with a copy of the Plaintiff's Amended Complaint via the Franklin County Court of Common Pleas' e-filing system on February 8, 2021.

3. Co-Defendant, Joe Richard, through counsel, consented to removal via email on February 9, 2021.  The e-mail is attached as Exhibit B.

4. The Amended Complaint alleges that the Plaintiff was subject to sexual harassment and gender discrimination and retaliation in violation of 42 U.S.C. § 2000e.

5. This action is a civil action of which this Court has original jurisdiction because Plaintiff's Amended Complaint raises claims within the federal question jurisdiction of this Court under 28 U.S.C. § 1331, specifically her claim under 42U.S.C. § 2000e.

6. This action may be removed to and adjudicated by this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, because this civil action arises under the laws of the United States.

7. This Notice of Removal is filed and subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service of process, and personal jurisdiction.  No admission of act, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

8. This Notice of Removal was filed within 30 days of actual notice and receipt by the Defendants of the Amended Complaint.

9. As required by 28 U.S.C. § 1446(d), a Notice of Filing or Removal directed to the state court, the Franklin County Common Pleas Court, along with this notice will be promptly filed in the Court of Common Pleas, Franklin County, Ohio.  A true and accurate copy of Defendants' Notice of Removal Directed to State Court is attached hereto as Exhibit C.

10. To the extent Plaintiff's Amended Complaint sets forth claims under state law, such claims are within this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

WHEREFORE, Defendants City of Columbus and Columbus Division of Fire respectfully request that this matter be removed to the Southern District of Ohio, Eastern Division, and that all proceedings herein be conducted in the United States District Court for the Southern District of Ohio, Eastern Division.

Dated this 9th day of February 2021.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN**

/s/ Alana V. Tanoury
Alana V. Tanoury (0092265)
Assistant City Attorney
77 N. Front St., 4th Floor
Columbus, Ohio 43215-9013
(614) 645-6945
(614) 645-6949 (Fax)
avtanoury@columbus.gov
Attorney for Defendants
City of Columbus and Columbus Division of Fire

# EXHIBIT A

## IN THE COURT OF COMMON PLEAS IN AND FOR FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| SERRINA JACKSON | : | Case No. 20-CV-003067 |
| 962 E. 20TH AVENUE | : | |
| COLUMBUS, OH 43211 | : | Judge Colleen O'Donnell |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| JOE RICHARD | : | CATEGORY C (PERSONAL INJURY) |
| 393 DANER ROAD | : | |
| COLUMBUS, OH 43213 | : | JURY DEMAND ENDORSED HEREON |
| | : | |
| and | : | |
| | : | |
| COLUMBUS DIVISION OF FIRE | : | |
| 3639 PARSONS AVENUE | : | |
| COLUMBUS, OH 43207 | : | |
| | : | |
| and | : | |
| | : | |
| CITY OF COLUMBUS, OHIO | : | |
| c/o ZACH KLEIN | : | |
| COLUMBUS CITY ATTORNEY | : | |
| 77 N. FRONT STREET | : | |
| COLUMBUS, OH 43215 | : | |
| | : | |
| Defendants. | : | |

## **FIRST AMENDED CIVIL COMPLAINT FOR MONETARY DAMAGES**

### **Parties and Jurisdiction**

1.     Plaintiff Serrina Jackson ("Plaintiff") is an adult individual residing at 962 E. 20th Avenue, Columbus, OH 43211. At all times relevant hereto, Plaintiff has resided in Franklin County, Ohio.

2.     Defendant Joe Richard ("Defendant Richard") is an adult individual residing at 393 Daner Road, Columbus, OH 43213. At all times relevant hereto, Defendant Richard has resided in Franklin County, Ohio.

3.     Defendant Columbus Division of Fire ("CDF") is an entity authorized to do business in the State of Ohio, including, but not limited to, engaging in actions as a support system for all public safety services that cover Franklin County.

4.     At all times relevant herein, Defendant City of Columbus ("City of Columbus") is a municipality in the State of Ohio.

5.     CDF employs four (4) or more employees with the State of Ohio, and, therefore, CDF is an "employer" as defined by the R.C. 4112.01(A)(2).

6.     At all times relevant hereto, Defendant Richard was employed as the Battalion Chief of the CDF, a supervisory position and was acting within the scope of his employment at CDF. Defendant Richard retired from CDF in October of 2019.

7.     State courts have concurrent subject matter jurisdiction over actions until Title VII of the Civil Rights Act of 1964.

8.     Venue is proper because all parties reside in Franklin County, Ohio and most, if not all, of the below actions took place within Franklin County, Ohio.

**Procedural Requirements**

9.     Plaintiff timely filed a charge of discrimination with the Ohio Civil Rights Commission – dually filed with the Equal Employment Opportunity Commission – alleging sex discrimination as it relates to the subject matter of this Amended Complaint.

10.     A Notice of Right to Sue has been issued from the U.S. Department of Justice, and this Amended Complaint is filed within ninety (90) days of receiving said Notice of Right to Sue.

11.     Plaintiff has satisfied any and all administrative requirements in accordance with the law.

### Background Facts

12. Plaintiff incorporates paragraphs 1-11 as if fully rewritten herein.

13. Prior to Plaintiff's employment with CDF, Defendant Richard had a history of sexual harassment and discrimination of female employees at CDF of which CDF and the City of Columbus knew or should have known.

14. Plaintiff started at the Cadet program with CDF in April of 2019.

15. Prior to starting the Cadet program in April of 2019, Plaintiff was required to go to CDF's office to complete paperwork with a member of CDF's Human Resources department. Plaintiff arrived about thirty minutes early with her daughter. Since Plaintiff and her daughter were early, they sat in a room waiting for the individual from Human Resources. Defendant Richard then walked into the same room. Defendant Richard acted like a leg of the table Plaintiff was sitting at was loose. Defendant Richard then got under the table and, when Plaintiff looked down to see what he was doing, she noticed he was looking up her dress.

16. On May 15, 2019, Defendant Richard twice requested that Plaintiff come into his office. The first incident occurred at lunch, and the second request occurred a little bit before 2:30 p.m. After his second request, Plaintiff's supervisor, Kylie Salvador, walked Plaintiff over to Defendant Richard's office. Defendant Richard then dismissed Kylie.

17. After dismissing Kylie, Defendant Richard rubbed his fingers across Plaintiff's lips and said, "I wonder what these would feel like." He also touched Plaintiff's breasts and said, "I wonder what those would look like outside your shirt."

18. Defendant Richard then asked Plaintiff to see her knee. Plaintiff had previously had issues with her knee that prevented her from doing certain physical exercises as part of the Cadet program. Plaintiff pulled her pant leg up to show Defendant Richard her knee. Defendant Richard

3

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Feb 03 2:37 PM-20CV003067

stated that he could not see her knee that way, and he asked Plaintiff to take her pants off. Plaintiff refused. Defendant Richard then pulled Plaintiff's shoe off.

19.    A lieutenant walked into the room after Defendant Richard pulled Plaintiff's shoe off. At that point, Defendant Richard acted like he was reprimanding Plaintiff. The lieutenant left, then came back into the room and said, "I'm out of here, Chief. You guys have a good evening." Defendant Richard then waited until he saw the lieutenant drive away.

20.    After Defendant Richard saw the lieutenant drive away, he tried to pull Plaintiff's pant leg down. Plaintiff resisted. Defendant Richard then asked Plaintiff if it would make her feel more comfortable if he also took his pants off. Plaintiff said no. Defendant Richard then pulled Plaintiff's pants down from around her waist. Defendant Richard then coerced Plaintiff into removing her pants. Plaintiff was not wearing any underwear at the time.

21.    After Plaintiff's pants were off, Defendant Richard told her to stand in front of the window, face out towards the window, and do "thrusters," which are similar to burpees. Defendant Richard sat in a chair behind Plaintiff and watched Plaintiff do the thrusters. Defendant Richard then got out of his chair and told Plaintiff, "You are kind of fat and out of shape." He told Plaintiff that if she had more muscles on her legs, she would be better at thrusters. Defendant Richard then touched Plaintiff's vagina with his hand and then smelled his finger. Incensed by Defendant Richard's highly inappropriate conduct, Plaintiff told Defendant Richard she did not give a crap about the job and that she was out of there. Plaintiff then pulled her pants up. Defendant Richard then told Plaintiff that all he has to do is make a phone call and she was "out of there." Plaintiff took this to mean that if she did not do what he said, she would be kicked out of the Cadet program.

22.    On the way out of the room, Defendant Richard grabbed Plaintiff's vagina and said, "who do you think they will believe: me or you?" He then said, "Remember what I told you: stop

talking back and stop undermining your superiors. How bad do you want to be here? What would your dead father and dead fiancé think?" Plaintiff then left the room in tears.

23. A supervisor is one who is empowered by an employer to take tangible employment action against a victim.

24. Defendant Richard was a supervisor of Plaintiff at all relevant times hereto.

25. Plaintiff felt compelled to do what Defendant Richard asked since he was the Battalion Chief and supervisor.

26. In the days following the May 15, 2019 incident, Defendant Richard would ask Plaintiff for oral and vaginal sex.

27. Defendant Richard followed Plaintiff into a CVS on High Street in Columbus, Ohio. This occurred sometime in May of 2019 after the incident on May 15, 2019 occurred.

28. Defendant Richard followed Plaintiff to other locations on High Street as well. At these locations, he never got out of his vehicle.

29. Defendant Richard also made inappropriate comments to Plaintiff about her weight, makeup, and the clothing she would wear. This occurred both before and after the May 15, 2019 incident.

30. Defendant Richard called Plaintiff's cell phone and requested that she download the Marco Polo app so that she could send him inappropriate, sexual videos. Plaintiff did not comply with his request.

31. Defendant Richard also said to Plaintiff, "When are you going to start giving me reciprocity, because I'm the only reason you're still here."

32. The last time Plaintiff saw Defendant Richard in person was on September 26, 2019.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Feb 03 2:37 PM-20CV003067

## First Claim for Relief –Sexual Harassment in Violation of O.R.C. 4112.02

33.   Plaintiff hereby incorporates paragraphs 1-32 as if fully rewritten herein.

34.   Defendant Richard's actions, as set forth above, constituted quid pro quo sexual harassment in violation of O.R.C. 4112.02, as the harassment was directly linked to the grant and/or denial of a tangible economic benefit to Plaintiff.

35.   The actions by Defendant Richard constituted hostile work environment sexual harassment in violation of O.R.C. 4112.02:

a.   the harassment was unwelcome;

b.   the harassment was based on Plaintiff's sex;

c.   the conduct was so severe and/or pervasive as to affect the terms, conditions, and/or privileges of Plaintiff's employment and/or any matter directly or indirectly related to her employment; and

d.   CDF and the City of Columbus, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

36.   Defendants' actions, and each of them, proximately caused injuries and damages to the Plaintiff, including the following:

a.   embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

b.   hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

6

**Second Claim for Relief – Sexual Harassment in Violation of Title VII**

37.    Plaintiff hereby incorporates paragraphs 1-36 as if fully rewritten herein.

38.    The Defendants have discrimination against and harassed Plaintiff on the basis of her sex in violation of Title VII.

39.    Defendant Richard's actions, as set forth above, constituted quid pro quo sexual harassment in violation of Title VII, as the harassment was directly linked to the grant and/or denial of a tangible economic benefit to Plaintiff.

40.    The actions by Defendant Richard constituted hostile work environment sexual harassment in violation of Title VII:

    a.    the harassment was unwelcome;

    b.    the harassment was based on Plaintiff's sex;

    c.    the conduct was so severe and/or pervasive as to affect the terms, conditions, and/or privileges of Plaintiff's employment and/or any matter directly or indirectly related to her employment; and

    d.    CDF and the City of Columbus, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

**Third Claim for Relief – Gender Discrimination in Violation of O.R.C. 4112.02**

41.    Plaintiff hereby incorporates paragraphs 1-40 as if fully rewritten herein.

42.    The aforementioned actions against Plaintiff constituted disparate treatment and discrimination of Plaintiff when compared to similarly situated male employees and cadets.

43.    The aforementioned actions against Plaintiff constitutes discrimination against Plaintiff based upon her sex in violation of O.R.C. 4112.02 with respect to the tenure, terms,

conditions, privileges of employment, and other matters directly and/or indirectly related to her employment, by treating her differently than similarly-situated co-workers.

44. The aforementioned actions against Plaintiff were done maliciously and/or intentionally or with reckless disregard for the rights of Plaintiff and were motivated by Plaintiff's gender.

45. Defendants' actions, and each of them, proximately caused injuries and damages to the Plaintiff, including the following:

      a. embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

      b. hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

**Fourth Claim for Relief – Gender Discrimination in Violation of Title VII**

46. Plaintiff hereby incorporates paragraphs 1-45 as if fully rewritten herein.

47. The aforementioned actions against Plaintiff constituted disparate treatment and discrimination of Plaintiff when compared to similarly situated male employees and cadets.

48. The aforementioned actions against Plaintiff constitutes discrimination against Plaintiff based upon her sex in violation of Title VII with respect to the tenure, terms, conditions, privileges of employment, and other matters directly and/or indirectly related to her employment, by treating her differently than similarly-situated co-workers.

49.     The aforementioned actions against Plaintiff were done maliciously and/or intentionally or with reckless disregard for the rights of Plaintiff and were motivated by Plaintiff's gender.

50.     Defendants' actions, and each of them, proximately caused injuries and damages to the Plaintiff, including the following:

   a.     embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

   b.     hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

**Fifth Claim for Relief – Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress**

51.     Plaintiff hereby incorporates paragraphs 1-50 as if fully rewritten herein.

52.     Defendants owed a duty to Plaintiff to refrain from intentional injury. The wrongful conduct of Defendants, as alleged herein, has resulted in and/or has continued to result in the intentional infliction of emotional distress and negligent infliction of emotional distress to Plaintiff for which Defendants are jointly and severally liable.

53.     Defendants have breached their duty to Plaintiff based on their conduct, actions, and/or inactions as alleged herein.

54.      Defendants conduct as alleged herein proximately caused damage to Plaintiff arising from the intentional and negligent infliction of severe emotional distress upon her for which Plaintiff is entitled to recovery under Ohio law against Defendants, jointly and severally.

55.     Defendants conduct as described herein was willful, malicious, spiteful, with ill will, and/or reckless disregard for Plaintiff's legal rights.

56.     Defendants' actions, and each of them, proximately caused injuries and damages to the Plaintiff, including the following:

      a.     embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

      b.     hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

**Sixth Claim for Relief – Negligence, including Willful, Wanton, and Reckless Misconduct and Ordinary Negligence**

57.     Plaintiff hereby incorporates paragraphs 1-56 as if fully rewritten herein.

58.     Defendants, and each of them, as set forth above, engaged in gross negligence, willful, wanton, and reckless misconduct, which directly and proximately caused the following injuries and damages to Plaintiff:

      a.     embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

      b.     hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

59.     Plaintiff pleads, in the alternative, at all times relevant hereto, Defendants, and each of them, were negligent and said negligence proximately resulted in injury to Plaintiff.

60.     Defendants, and each of them, were negligent and said negligence directly and proximately caused the following injuries and damages to Plaintiff:

a.      embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

b.      hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

**Seventh Claim for Relief – Respondeat Superior**

61.     Plaintiff hereby incorporates paragraphs 1-60 as if fully rewritten herein.

62.     At all times relevant hereto, Defendant Richard was an employee and agent of CDF and City of Columbus, acting within the scope of his employment and agency, and his actions are deemed to be the actions of CDF and City of Columbus.

63.     To the extent that Defendant Richard was acting outside the scope of his agency, CDF and City of Columbus ratified his unlawful behavior by, including, but not limited to, failing to address and report prior allegations of wrongful conduct of Defendant Richard, retaining him as an employee, and engaging in other tortious conduct as set forth above.

64.     Accordingly, CDF and City of Columbus are liable for the wrongful acts and omissions of its employees and agents.

65.     As a direct and proximate result of the tortious conduct of Defendants, Plaintiff suffered the following injuries and damages:

a.      embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic

11

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Feb 03 2:37 PM-20CV003076

damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

       b.      hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

**Eighth Claim for Relief – Negligent Retention and Supervision**

    66.    Plaintiff hereby incorporates paragraphs 1-65 as if fully rewritten herein.

    67.    Defendant Richard was not competent to perform the duties for which he was hired and/or empowered to do. He carried out his duties in a negligent and tortious fashion with complete and utter disregard for the safety and well-being of Plaintiff.

    68.    CDF and City of Columbus knew or should have know that Defendant Richard was not competent or qualified to perform his employment duties. CDF and City of Columbus breached their duty of care and were negligent in retaining and/or empowering Defendant Richard as an employee of CDF, which directly and proximately caused the following injuries and damages to Plaintiff:

       a.      embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

       b.      hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

**Ninth Claim for Relief – Violation of O.R.C. 2907.03**

    69.    Plaintiff hereby incorporates paragraphs 1-68 as if fully rewritten herein.

70.     Defendant Richard's actions, as set forth above, constituted sexual battery upon Plaintiff in violation of O.R.C. 2907.03.

71.     Defendant Richard's actions, as set forth above, proximately caused injuries and damages to the Plaintiff, including the following:

a.      embarrassment, humiliation, loss of enjoyment of life, pain, suffering, mental anguish, depression, loss of self-esteem, and other disabling injuries and non-economic damages which deny Plaintiff a normal way of life, all of which will continue into the future and are permanent;

b.      hospital, doctor, therapist, and/or other healthcare expenses, and Plaintiff will with reasonable certainty incur said expenses in the future, all of which are permanent.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00). Plaintiff further demands a judgment against Defendants, jointly and severally, for punitive damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00). Plaintiff further demands court costs, attorney fees, and other such relief as the Court may deem appropriate.

Respectfully submitted,

/s/ John K. Fitch
John K. Fitch (0008119)
Kirstin A. Peterson (0099040)
The Fitch Law Firm, LLC
900 Michigan Avenue
Columbus, OH 43215
614.545.3930; 614.545.3929 – Fax
John@thefitchlawfirm.com
*Attorneys for Plaintiff*

13

## **JURY DEMAND**

Plaintiff hereby demands, pursuant to Rule 38 of the Ohio Rules of Civil Procedure, a

trial by jury on all issues herein.

/s/ John K. Fitch_____
John K. Fitch (0008119)
Kirstin A. Peterson (0099040)

# EXHIBIT B

| | |
|---|---|
| **From:** | Larry James |
| **To:** | Dean, Theresa M. |
| **Cc:** | Natalie Bryans; Tanoury, Alana V. |
| **Subject:** | Re: [EXTERNAL] Courtesy NEF RE: 20CV003067 |
| **Date:** | Tuesday, February 9, 2021 8:18:47 AM |

Yes you do

Sent from my iPhone

On Feb 9, 2021, at 7:56 AM, Dean, Theresa M. <TMDean@columbus.gov> wrote:


Larry and Natalie,

We are going to remove today.  I just want to confirm that we have Defendant Richard's consent.

Thank you,
Theresa

Theresa M. Dean
Assistant City Attorney, Labor and Employment Section
**Zach Klein**
**Columbus City Attorney**
(614) 645 -0816
(614) 645-6949 (fax)
77 North Front St., 4th Floor
Columbus, Ohio 43215

_____

This correspondence, and any accompanying documents may contain confidential information which is legally privileged. This information is intended for the use of the individual or entity named above. If you are not the intended recipient, you are hereby advised that any disclosure, copying, distribution, or taking of any action in reliance of the contents of this correspondence is prohibited. Please contact the sender if you have received this correspondence in error.

_____

**From:** efiling@franklincountyohio.gov [mailto:efiling@franklincountyohio.gov]
**Sent:** Monday, February 8, 2021 4:17 PM
**To:** Dean, Theresa M. <TMDean@columbus.gov>
**Subject:** [EXTERNAL] Courtesy NEF RE: 20CV003067

## ****** IMPORTANT NOTICE - READ THIS INFORMATION *****

## NOTICE OF ELECTRONIC FILING

---

| | |
|---|---|
| **A filing has been submitted to the court RE:** | 20CV003067 |
| **Judge:** | COLLEEN ODONNELL |
| <="" td=""> | |
| **Official File Stamp (except Proposed Orders):** | 02-05-2021 15:27:41 |
| **Court:** | GENERAL DIVISION, COURT OF COMMON PLEAS |
| | CIVIL DIVISION |
| **Case Title:** | SERRINA JACKSON -VS- JOE RICHARD ET AL |
| **Document(s) Submitted:** | ORDER TO AMEND COMPLAINT |
| **Filed by or on behalf of:** | JUDGE COLLEEN ODONNELL |

You may review this filing by clicking on the following link to take you to your cases.

This notice was automatically generated by the Court's e-Filing system.

---

**The following people were notified electronically:**

|  | |
|---|---|
| | NATALIE P BRYANS for JOE RICHARD |
| | JOHN K FITCH for SERRINA JACKSON |
| | KIRSTIN A PETERSON for SERRINA JACKSON |
| | LARRY H JAMES for JOE RICHARD |
| | THERESA M DEAN for COLUMBUS DIVISION OF FIRE, CITY OF COLUMBUS OHIO |
| | ALANA TANOURY for COLUMBUS DIVISION OF FIRE, CITY OF COLUMBUS OHIO |

**The following people need to be notified by mail:**

DAVE YOST

---

**Confidentiality Notice** -- This email and any attachments are confidential and are protected by applicable legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, downloading, distribution, or use of this email or any attachment is prohibited. If you have received this email in error, please notify the sender and delete the email, any attachments, and any copies thereof from your system.



# EXHIBIT C

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| Serrina Jackson, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 20-cv-003067 |
| Joe Richard, *et al.*, | : | Judge O'Donnell |
| Defendants. | : | |

## DEFENDANTS' NOTICE OF FILING OF NOTICE OF REMOVAL DIRECTED TO STATE COURT

To:     John K. Fitch (0008119)
        Kirstin A. Peterson (0099040)
        The Fitch Law Firm, LLC
        900 Michigan Avenue
        Columbus, Ohio 43215

        Larry James (0021773)
        Natalie Bryans (0097697)
        Crabbe, Brown & James, LLP
        500 S Front Street, Suite 1200
        Columbus, Ohio 43215

Please take note that the Defendants in the above-captioned case filed a Notice of

Removal, a copy of which is attached hereto, on February 9, 2021, with the Office of the Clerk

of the United States District Court for the Southern District of Ohio, Eastern Division.

Defendants have removed this case based upon the existence of federal question jurisdiction.

Accordingly, pursuant to 28 U.S.C. § 1446(d), no further proceedings may be had herein.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW**
**ZACH KLEIN**

/s/ Alana V. Tanoury
Alana V. Tanoury (0092265)
Theresa M. Dean (0086004)

Assistant City Attorneys
77 N. Front St., 4th Floor
Columbus, Ohio 43215-9013
(614) 645-6945
(614) 645-6949 (Fax)
tmdean@columbus.gov
avtanoury@columbus.gov
Attorneys for Defendants
    City of Columbus and Columbus Division of Fire

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Notice of Filing of Notice of

Removal Directed to State Court has been served by operation of this Court's electronic filing

system, this 9th day of February 2021 on the following:

John K. Fitch (0008119)
Kirstin A. Peterson (0099040)
The Fitch Law Firm, LLC
900 Michigan Avenue
Columbus, Ohio 43215
(614) 545-3930
(614) 545-3929 (fax)
john@thefitchlawfirm.com
kirstin@thefitchlawfirm.com
*Attorneys for Plaintiff*

Larry James (0021773)
Natalie Bryans (0097697)
Crabbe, Brown & James, LLP
500 S Front Street, Suite 1200
Columbus, Ohio 43215
(614) 229-4567
(614) 229-4559 (fax)
ljames@cbjlawyers.com
nbryans@cbjlawyers.com
*Attorney for Defendant Joe Richard*

/s/ Alana V. Tanoury
Alana V. Tanoury

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Notice of Removal has been served by operation of this Court's electronic filing system, this 9th day of February 2021 on the following:

John K. Fitch (0008119)
Kirstin A. Peterson (0099040)
The Fitch Law Firm, LLC
900 Michigan Avenue
Columbus, Ohio 43215
(614) 545-3930
(614) 545-3929 (fax)
john@thefitchlawfirm.com
kirstin@thefitchlawfirm.com
*Attorneys for Plaintiff*

Larry James (0021773)
Natalie Bryans (0097697)
Crabbe, Brown & James, LLP
500 S Front Street, Suite 1200
Columbus, Ohio 43215
(614) 229-4567
(614) 229-4559 (fax)
ljames@cbjlawyers.com
nbryans@cbjlawyers.com
*Attorney for Defendant Joe Richard*

/s/ Alana V. Tanoury
Alana V. Tanoury